# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES WAYNE STEWART, )
)
      **Plaintiff,** )
)
      v. ) Case No. CIV-15-184-SPS
)
CAROLYN COLVIN, )
**Acting Commissioner of the Social** )
**Security Administration,** )
)
      **Defendant.** )

## OPINION AND ORDER

The claimant Charles Wayne Stewart requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born May 24, 1964, and was forty-eight years old at the time of the administrative hearing (Tr. 103, 211, 215). He has a ninth grade education, and has worked as an operating engineer and material handler (Tr. 104, 132, 241). The claimant alleges he has been unable to work since an amended onset date of September 30, 2009, due to seizures, hepatitis C, back injury, chronic obstructive pulmonary disease ("COPD"), heat exhaustion, depression, high blood pressure, and liver and kidney problems (Tr. 240).

## Procedural History

On September 27, 2011, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 211-21). His applications were denied. ALJ Bernard Porter conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 20, 2013 (Tr. 78-91). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as

defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with occasional use of hand controls, fingering, feeling, handling, and climbing ramps and stairs, but never crawling, climbing ladders or scaffolds, and working at unprotected heights or around moving mechanical parts (Tr. 83). The ALJ further found the claimant should not have concentrated exposure to dusts, fumes, or gases, and should not work in an environment with temperature extremes. He also found the claimant was limited to simple tasks and simple work-related decisions, and that his time off task could be accommodated by normal work breaks. Additionally, the ALJ found the claimant required the option to alternate between sitting and standing at least every thirty minutes. The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, arcade attendant, parking lot attendant, and conveyor line bakery worker (Tr. 90).

**Review**

The claimant contends that the ALJ erred by failing to properly evaluate the opinion of his treating physician, Dr. F.S. Sanders. The Court agrees, and therefore the decision of the Commissioner must be reversed and the case remanded for further proceedings.

The ALJ found that the claimant's COPD, hepatitis C, lumbar disc disease, hypertension, gastroesophageal reflux disease, seizure disorder, obesity, and depressive disorder were severe impairments, and that his alleged arthritis was medically nondeterminable (Tr. 80-81).

The relevant medical evidence reveals the claimant initiated treatment with Dr. Sanders on January 28, 2013 (Tr. 837-39). The claimant reported a history of, *inter alia,* ruptured discs at L4 and L5, chronic lower back pain, sciatica in his legs and thighs, and lumbago with radiculopathy in his left leg (Tr. 837). The claimant also reported that his back pain was previously treated with pain medication, and that he received an injection in his back two months earlier that did not help (Tr. 837). On examination, Dr. Sanders noted, *inter alia,* the claimant had left leg sciatic pain with marked tenderness to palpation, and that his sacroiliac joint was bilaterally tender to palpation when standing or bending his knees (Tr. 837). Dr. Sanders diagnosed the claimant with, *inter alia,* chronic low back pain, and prescribed pain medication (Tr. 837-38). There are no further treatment notes from Dr. Sanders in the record.

On April 23, 2013, Dr. Sanders completed a medical source statement ("MSS") regarding the claimant's ability to perform physical work-related activities (Tr. 840-43). He opined that the claimant could occasionally lift/carry ten pounds, frequently lift/carry less than ten pounds, and could sit/stand/walk for less than two hours during an eight-hour day (Tr. 840). Dr. Sanders further opined that the claimant needed to shift at will from sitting or standing/walking, and needed to lie down three times at unpredictable intervals during an eight-hour day (Tr. 841). He listed the claimant's inability to bend, flex, or extend his back as the medical findings supporting such limitations (Tr. 841). As to the claimant's postural activities, Dr. Sanders opined the claimant could occasionally crouch, but could never twist, stoop, climb stairs, or climb ladders due to back pain and stiffness (Tr. 841). Regarding the claimant's physical functions, Dr. Sanders opined that

his reaching and handling were impaired from numbness and tingling in his hands and fingers (Tr. 842). Dr. Sanders stated his physical function findings were supported by "watching [the patient's] description of how he can function." (Tr. 842). As to environmental limitations, Dr. Sanders opined the claimant should avoid all exposure to extreme cold, solvents/cleaners, and chemicals, and should avoid even moderate exposure to extreme heat, high humidity, fumes, odors, dusts, gases, perfumes, and soldering fluxes (Tr. 842). Lastly, Dr. Sanders opined that the claimant needed to elevate his legs to relieve back pain, and would be absent from work more than four days per month (Tr. 843).

Medical opinions of a treating physician such as Dr. Sanders are entitled to controlling weight if "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in §[§] 404.1527, [416.927].'"), *quoting Watkins*, 350 F.3d at 1300. The factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii)

the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ decides to reject a treating physician's opinion entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301, so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight," *id*. at 1300.

In his written opinion, the ALJ summarized the claimant's testimony as well as the evidence contained in the medical record (Tr. 84-89). As to Dr. Sanders' opinion, the ALJ summarized the limitations contained in his MSS, and stated his course of treatment was not consistent with what would be expected if the claimant were truly as disabled as Dr. Sanders reported (Tr. 88). The ALJ gave Dr. Sanders' opinion "little weight" because (i) he treated the claimant primarily with medication, and did not recommend surgery, physical therapy, or other treatment options; (ii) he may have been sympathetic towards the patient, and issued his opinion in an effort to avoid doctor/patient tension; and (iii) his opinion substantially departed from the rest of the evidence of record (Tr. 88). The ALJ's analysis of Dr. Sanders' opinion is erroneous for several reasons.

First, the ALJ substituted his own medical opinion for that of Dr. Sanders when he stated that Dr. Sanders had not recommended the types of medical treatments one would expect if the claimant were as disabled as he reported. *See Miller v. Chater,* 99 F.3d 972,

977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services,* 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp v. Bowen,* 816 F.2d 1469, 1475 (10th Cir. 1987).

Second, it was clearly improper for the ALJ to reject Dr. Sanders' opinion upon speculation that he sympathized with the claimant or issued his opinion to avoid doctor/patient tension. *See Langley,* 373 F.3d at 1121 ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy. 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*'"), *quoting McGoffin v. Barnhart,* 288 F.3d 1248, 1252 (10th Cir. 2002).) [emphasis in original].

Finally, the ALJ's observation that Dr. Sanders' opinion "depart[ed] substantially from the rest of the evidence of record" might have justified his refusal to accord it controlling weight if the ALJ had specified any inconsistent evidence on which he relied, *see, e. g., Langley*, 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not

'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300; *see also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are."), but even if the ALJ had done this, he would have been required to determine the proper weight to give Dr. Sanders' opinion by applying the *Watkins* factors. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in §[§] 404.1527, [416.927].'"), *quoting Watkins,* 350 F.3d at 1300.

The Commissioner argues that the ALJ's decision is supported by substantial evidence because (i) Dr. Sanders only treated the claimant once, (ii) Dr. Sanders' examination findings were not significantly abnormal, (iii) the claimant's physical examinations throughout the record were essentially normal, and (iv) a state agency physician noted the claimant rarely sought treatment and did not take any medication for his back; however, the ALJ offered no such explanation for declining to impose all of Dr. Sanders' limitations when forming the claimant's RFC. *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

Because the ALJ failed to properly evaluate Dr. Sanders' opinion in accordance with the controlling standards, the decision of the Commissioner should be reversed and

the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 1st day of September, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**